IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GREGORY CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-065 |
| | ) | |
| CHIEF PHYSICIAN, Carl Vinson VA Medical Center; DIRECTOR OF VA MEDICAL, Carl Vinson VA Medical Center; and LABORATORY MANAGEMENT, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names as Defendants: (1) Chief Physician, Carl Vinson VA Medical Center; (2) Director of VA Medical, Carl Vinson VA Medical Center; and (3) Laboratory Management, Pathology and Laboratory Medical. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff has been receiving treatment from the Carl Vinson Veterans Affairs Medical Center ("Dublin VA") for more than thirty years. (Id. at 4.) In 2020, the Dublin VA conducted a routine drug screen on Plaintiff, and his specimen tested positive for

cocaine. (Id. at 4, 10-23.) Plaintiff does not use cocaine and the test is a false positive, as confirmed by the fact Plaintiff has had no other positive drug screens in three decades of VA screening. (Id.) The false-positive screen has adversely affected his right to receive necessary medical care from the Dublin VA, because he now must travel to Atlanta to receive narcotic pain medication and he is sometimes charged out-of-pocket. (Id. at 4, 22.) Plaintiff asked VA officials to correct the problem by removing the false positive screen from his medical history, but they refused. (Id. at 11, 13, 16, 19, 31, 60-62.) VA records attached to the complaint show the VA sent the specimen for analysis to Quest Diagnostic. (Id. at 13.) Plaintiff requests the Dublin VA check the lab "for any problem" and to "get the help he needs" at the Dublin VA. (Id. at 4.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Upon Which Relief May be Granted

The Eleventh Circuit has held that a district court properly dismisses a defendant where other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff does not make allegations associating Defendants with any purported constitutional violations. (See generally doc. no. 1.) Plaintiff merely alleges a false positive drug screen without any suggestion of wrongdoing by any Defendant and does not list any federal cause of action. (Id. at 3-4.) Moreover, a complaint

3

exhibit explains Quest Diagnostics processed the drug screen rather than any listed Defendant. (See id. at 13.)

A complaint exhibit references the Privacy Act, 5 U.S.C. § 552a. (Id. at 7-8.) Plaintiff's complaint, however, does not mention the Act, and the Court discusses it only because it appears to provide for the type of claim most relevant to Plaintiff's factual allegations. While the Act does provide a private right of action for intentional or willful maintenance of inaccurate records, Williams v. Dep't of Veterans Affairs, 510 F. Supp. 2d 912, 922 (M.D. Fl. May 4, 2007), a claim can only be asserted against a federal agency and not against agency officials. See 5 U.S.C. § 522a(g)(1)(C); Elkins v. Elena, 516 F. App'x 825, 829 (11th Cir. 2013) (per curiam); Wilkerson v. Langston Chapel Middle School, 2016 WL 4419293, at *1 (S.D. Ga. Aug. 17, 2016). Furthermore, a plaintiff must also first exhaust his administrative remedies before pursuing a claim in federal court. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1997). Plaintiff's complaint fails to state a claim because it does not include the Veterans Administration as a defendant and does not allege exhaustion of administrative remedies.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of September, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA